Christopher C. Traintor, Norman, Hanson & Detroy, Portland, Maine, for defendants.

**Paul E. LUCAS, Plaintiff,**

v.

**William F. D'ANGELO, M.D., et al., Defendants.**

**No. Civ. 98–218–P–C.**

United States District Court, D. Maine.

Feb. 17, 1999.

## MEMORANDUM OF DECISION AND ORDER

GENE CARTER, Chief Judge.

On June 15, 1998, Plaintiff Paul E. Lucas, *pro se,* filed a Complaint (Docket No. 1) against Defendants William F. D'Angelo, M.D., Theodor Rintel, M.D., Maine Medical Center, and Southern Maine Neurosurgical Association, P.A. for medical malpractice that allegedly occurred at

Maine Medical Center on June 14, 1995, when Dr. D'Angelo and Dr. Rintel performed surgery on Mr. Lucas's back. Defendants' Statement of Material Facts ¶¶ 1, 2. Prior to filing his Complaint, Mr. Lucas did not serve any Defendant with a notice of claim as required by 24 M.R.S.A. § 2903. Defendants' Statement of Material Facts ¶¶ 3, 4, 5.

Defendants have filed a Motion of All Defendants To Dismiss or for Summary Judgment (Docket No. 4) wherein Defendants contend that the Court must dismiss Mr. Lucas's Complaint because it is untimely and because Mr. Lucas failed to file a notice of claim prior to commencing the action. A review of the facts and the arguments presented by the parties demonstrates that the Court should dismiss Plaintiff's Complaint because it was filed after the applicable statute of limitations had run.

■■ Granting a motion to dismiss based on a limitations defense is "entirely appropriate when the pleader's allegations leave no doubt that an asserted claim is time-barred." *LaChapelle v. Berkshire Life Insurance Co.*, 142 F.3d 507, 509 (1st Cir.1998). Maine law requires that a claim for professional negligence against health care providers be filed within three years after the cause of action accrues. *See* 24 M.R.S.A. 2902. Under Maine law, a cause of action for medical malpractice "accrues on the date of the act or omission giving rise to the injury." *Id.* Here, the back surgery that allegedly caused injury to Mr. Lucas was performed on June 14, 1995. According to the allegations in Mr. Lucas's Complaint, Mr. Lucas filed his Complaint on June 15, 1998, three years and one day after his cause of action accrued. Accordingly, Mr. Lucas's Complaint was not timely filed.

Mr. Lucas contends that the date he discovered his injury should count as the day his claim accrued and that because he did not discover his injury until August of 1995, when he was readmitted to Maine Medical Center, his Complaint was timely.

Furthermore, Mr. Lucas argues that the Court should grant him leniency because he is a *pro-se* litigant and resides outside of the state and was not aware of the procedures required to file a professional negligence claim. Even taking into account Mr. Lucas's *pro se* status and holding his papers to less stringent standards than those drafted by attorneys, *see Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972), Mr. Lucas has not set forth any factual allegations upon which the Court could rest a finding that the statute of limitations does not bar his claim.

The Maine Law Court has declared that "the Legislature has explicitly outlined the contours of the statute of limitations in medical malpractice actions, and has not left room for [the courts] to carve out an exception to these rules." *Dasha v. Maine Medical Center*, 665 A.2d 993, 996 (Me. 1995). The statute of limitations in medical malpractice actions was amended in 1985 to eliminate the so-called discovery rule in all cases except foreign object surgical cases. *See* 24 M.R.S.A. § 2902; L.D. 2400 Statement of Fact (112th Legis.1985) ("revised draft"). Accordingly, the Court may not deviate from the statute's plain language and apply a discovery rule to determine the accrual of Plaintiff's claim. Nor may the Court carve out an exception to the general rule that a medical malpractice action accrues on the date of the injury for *pro se* plaintiffs or litigants who live outside of Maine.

■ In addition, the statute of limitations was not tolled in this case. Section 2903 of the Maine Health Security Act provides that if a person asserting a cause of action for professional negligence serves and files written notice of his or her claim in accordance with 24 M.R.S.A. § 2853, "[a]ny applicable statute of limitations shall be tolled under section 2859." Section 2859 of Title 24 provides that the applicable statute of limitations concerning actions for professional negligence shall be

tolled from the date upon which notice of claim is served until 30 days following the day upon which the claimant receives notice of the findings of the panel or 175 days after service of the notice of claim. *See* 24 M.R.S.A. § 2858. Here, it is undisputed that Mr. Lucas did not serve Defendants with a notice of claim prior to commencing the suit. Defendants' Statement of Undisputed Material Facts ¶¶ 3, 4, 5. In addition, according to his papers, Mr. Lucas did not file a notice of claim with the clerk of the superior court as required under 24 M.R.S.A. § 2853. Because Mr. Lucas failed to file a written notice of his claim, the three-year statute of limitations was not tolled and applies in this case. Accordingly, because Mr. Lucas did not file his medical malpractice Complaint until June 15, 1998, three years and one day after the date of the surgery when he was allegedly injured, this action was not timely commenced. Because there is no set of facts contained in the Complaint upon which relief may be granted, the Court will grant Defendants' motion to dismiss the Complaint. The Court **ORDERS** that Defendants Motion to Dismiss or for Summary Judgment (Docket No. 4) be, and it hereby is, **GRANTED**.

So **ORDERED**.